1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| I.J.B. by and through his guardian ad litem Jennifer Butler, | Case No. 2:17-cv-02890-GMN-DJA |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | |
| Defendant. | |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff I.J.B.'s ("Plaintiff") application for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. Ch. 7. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 16), filed March 24, 2018, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 18-19), filed April 23, 2018. Plaintiff did not file a Reply.

I.     **BACKGROUND**

    1.     **Procedural History**

On February 4, 2013, an application for supplemental security income was protectively filed on Plaintiff's behalf, alleging an onset date of October 1, 2012. AR[1] 220-228. Plaintiff's claim was denied initially, and on reconsideration. AR 107-108. A hearing was held before an

_____

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

1    Administrative Law Judge ("ALJ") on July 2, 2015.  AR 73-96.  On March 21, 2016, the ALJ

2    issued a decision denying Plaintiff's claim.  AR 32-58.  The ALJ's decision became the

3    Commissioner's final decision when the Appeals Council denied review on September 15, 2017.

4    AR 2-7.  Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g) on

5    November 17, 2017.  (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No.

6    1).)

7         **2.    The ALJ Decision**

8         The ALJ followed the three-step sequential evaluation process set forth in 20 C.F.R. §§

9    416.924 for child disability cases.  AR 32-58.  She found Plaintiff was a school-age child on

10    February 4, 2013, the date the application was filed, and an adolescent as of the date of the

11    decision.  AR 38.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

12    activity since the application date.  *Id.*  At step two, the ALJ found that Plaintiff has the following

13    severe impairments: attention deficit hyperactivity disorder, history of a cognitive disorder not

14    otherwise specified, and history of a learning disorder not otherwise specified.  *Id.*  She also

15    found a speech disorder and encopresis were not medically determinable impairments.  At step

16    three, the ALJ determined that Plaintiff did not have an impairment or combination of

17    impairments that met or medically equaled the severity of one of the listed impairments in 20

18    C.F.R. Part 404, Subpart P, Appendix 1, and did not have an impairment or combination of

19    impairments that functionally equals the severity of the listings.  AR 39.  For the six functional

20    equivalence domains, the ALJ found Plaintiff to have less than marked limitation in acquiring and

21    using information, less than marked limitation in attending and completing tasks, no limitation in

22    interacting and relating to others, no limitation in moving about and manipulating objects, no

23    limitation in caring for yourself, and less than marked limitation in health and physical well-

24    being.  AR 46-54.  Accordingly, the ALJ concluded that Plaintiff has not been disabled since

25    February 4, 2013.  AR 54.

26         / / /

27         / / /

28         / / /

## II.    DISCUSSION

### 1.    Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo.  *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

1    *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human*

2    *Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether

3    the Commissioner could reasonably have reached a different conclusion, but whether the final

4    decision is supported by substantial evidence. It is incumbent on the ALJ to make specific

5    findings so that the court does not speculate as to the basis of the findings when determining if the

6    Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact

7    without explicit statements as to what portions of the evidence were accepted or rejected are not

8    sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should

9    be as comprehensive and analytical as feasible, and where appropriate, should include a statement

10    of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

11    **2.    Disability Evaluation Process**

12    For an individual under eighteen years of age to be considered disabled for the purpose of

13    receiving benefits, he must suffer from a "medically determinable physical or mental impairment,

14    which results in marked and severe functional limitations, and which can be expected to result in

15    death or which has lasted or can be expected to last for a continuous period of not less than 12

16    months." 42 U.S.C. § 1382c(a)(3)(C)(i). An impairment meets this requirement if it meets or

17    equals in severity any impairment that is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the

18    "listings"). 20 C.F.R. § 416.924(d).

19    The Regulations promulgated by the Social Security Administration establish a three-step

20    sequential evaluation process for child disability cases. *See* 20 C.F.R. § 416.924. At step one, the

21    relevant inquiry is whether the child is engaged in substantial gainful activity. 20 C.F.R. §

22    416.924(a). If so, no disability exists, and the claim is denied. 20 C.F.R. § 416.924(b). If the

23    child is not engaged in substantial gainful activity, the fact finder then determines whether the

24    child has a medically determinable impairment or combination of impairments that is severe. 20

25    C.F.R. § 416.924(a). If the impairment is a "slight abnormality or a combination of slight

26    abnormalities that causes no more than minimal functional limitations," the Commissioner will

27    find that the impairment is not severe and will deny the child's claim. 20 C.F.R. § 416.924(c).

28

If the child has a severe impairment, the third and final step assesses whether the impairment meets or medically or functionally equals in severity an impairment in the listings. 20 C.F.R. § 416.924(d). If the impairment meets or equals the requirements of a listing, the child will be found disabled, assuming that the 12-month duration requirement is also met. *Id.* A child's impairment "is medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). To establish medical equivalence, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1526).

To determine whether a child's severe impairment functionally equals a listed impairment, the Commissioner assesses all of the functional limitations caused by the child's impairment in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(a)-(b). To functionally equal a listed impairment, a child's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). It is "more than moderate" but "less than extreme." *Id.* A child's "day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities." *Id.* An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). It is the rating given to "the worst limitations." *Id.*

/ / /

/ / /

/ / /

/ / /

1        3.    **Analysis**

2            a.    **Whether the ALJ Properly Weighed Ms. McKoy's Opinion Given New**

3    **Evidence Submitted to the Appeals Council**

4        The ALJ accorded the opinion of Kerry McKoy, Plaintiff's school counselor during

5    lunchtime and transitions, little weight because it was contradicted by the rest of the record.  Ms.

6    McKoy's opinion was that Plaintiff experienced serious problems in the domains of: (1) acquiring

7    and using information, (2) attending and completing tasks, and (3) interacting and relating to

8    others.  AR 46.  The ALJ noted it was contradicted by subsequent statements of Plaintiff's mother

9    to doctors that indicated Plaintiff was functioning normally at school academically and socially,

10    his ADHD symptomatology had improved on prescribed Ritalin, and he had age-appropriate

11    relationships with friends.  *Id.*  The ALJ also underscored how Ms. McKoy's opinion was

12    contradicted by the well supported and uncontroverted medical opinion evidence of the record

13    and his repeated presentation during examination as pleasant, cooperative, and able to interact

14    appropriately with physicians and clinicians.  *Id.*  Further, the ALJ provided a thorough summary

15    of the medical evidence of record and other opinion evidence along with an explanation for the

16    weight assigned to the other opinion evidence.  AR 40-46.

17        Plaintiff argues that the ALJ's reasons for giving little weight to Ms. McKoy's opinion are

18    not supported by substantial evidence.  (ECF No. 16, 8-12).  He argues that her lay opinion was

19    supported by the new evidence submitted to the Appeals Council that indicates Plaintiff's

20    symptoms had not improved, as suggested by the ALJ's decision.  (*Id.* at 9).  Specifically,

21    Plaintiff points to the Teacher Questionnaire submitted by Stephanique Stewart that opined

22    Plaintiff had a serious problem expressing ideas in written form and recalling and applying

23    previously learned material.  (*Id.* at 10).  Additionally, Ms. Stewart opined that Plaintiff had a

24    very serious problem in all but one subsection of the attending and completing tasks domain.

25    (*Id.*)  She also opined that he had an obvious problem in the ability to ask permission

26    appropriately and following classroom rules.  (*Id.*)  Ms. Stewart also identified serious problems

27    for cooperating in or being responsible for, taking needed medications and being patient when

28    necessary and taking care of personal hygiene.  (*Id.*)  As such, Plaintiff contends that Ms.

1    Stewart's opinion contradicts the ALJ's decision as Ms. Stewart's lay opinion is consistent with

2    Dr. Zucker's observations, whose opinion the ALJ utilized to reject Ms. McKoy's opinion. (*Id.* at

3    12). Plaintiff further argues that Dr. Jaffee's opinion that indicated less than marked to no

4    restrictions in all domains should not have been weighed more than Ms. McKoy's opinion

5    because she observed Plaintiff for an entire school year before providing her opinion. (ECF No.

6    16, 12). Similarly, Plaintiff highlights the fact that the non-examining State agency physicians

7    did not have the benefit of examination and only reviewed the documents in the file to issue their

8    opinions. (*Id.*) Therefore, Plaintiff contends that Ms. Stewart's opinion is new and material

9    evidence that warrants finding the ALJ lacked substantial evidence for rejecting Ms. McKoy's

10   opinion.

11        The Commissioner argues that the ALJ properly evaluated the functional impact of

12   Plaintiff's impairments and substantial evidence supports her decision to accord Ms. McKoy's

13   opinion little weight. (ECF No. 18, 4). The Commissioner notes that Ms. McKoy falls into the

14   category of other sources, which is not generally accorded the same deference as an acceptable

15   medical source. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). However, the

16   Commissioner argues that the ALJ properly considered it in accordance with SSR 06-03p, which

17   was in effect during the ALJ's decision. (ECF No. 18, 5). In fact, the Commissioner notes that

18   the ALJ gave several reasons for assigning little weight to Ms. McKoy's opinion, including that it

19   was contradicted by treatment notes indicating improvement on medication and mother's

20   statements that Plaintiff was doing well at school. (*Id.*) Further, the Commissioner contends that

21   even Ms. McKoy's letters in February and May of 2013 noted improvement with Plaintiff's use

22   of Ritalin. (*Id.* at 6). Additionally, the Commissioner highlighted the mental status examinations

23   that showed normal or some restlessness from Plaintiff. (*Id.*) Further, the Commissioner pointed

24   to Plaintiff's daily activities and other opinions from medical sources including the testifying

25   medical expert Dr. Jaffee as contradicting Ms. McKoy's opinion.

26        Plaintiff fails to explain how the ALJ's assignment of weight and explanation for the other

27   opinions in the record was faulty, but rather asks this Court to make a different finding based on

28   the new opinion of Ms. Stewart supporting Ms. McKoy's lay opinion. Simply pointing to some

1    potentially contrary evidence in the record does not suffice to show that an ALJ's decision is not

2    supported by substantial evidence. *Cf. Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

3    It is for the ALJ to evaluate the record before him and make reasonable conclusions therefrom.

4    *See, e.g., Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational

5    interpretation, it is the ALJ's conclusion that must be upheld"). While Plaintiff would have

6    preferred the ALJ interpret the record differently and accord Ms. McKoy's opinion more weight,

7    he has failed to show that the ALJ was required to do so.

8        In fact, Plaintiff has not established that the new evidence materially affects the matter in

9    dispute under 42 U.S.C. § 405(g). Remand is warranted only if there is new evidence that is

10   material and good cause exists for the late submission of the evidence. New evidence is material

11   when it "'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e]

12   possibility that the new evidence would have changed the outcome of the . . . determination.'"

13   *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health &*

14   *Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)). Here, the ALJ provided a thorough

15   explanation for assigning little weight to Ms. McKoy's lay opinion with citation to contrary

16   testimony, opinion evidence, and medical evidence of record. For instance, she relied on contrary

17   statements of Plaintiff's mother, treatment records, Plaintiff's reported activities of daily living,

18   and examination records. AR 46. Therefore, the Court finds that substantial evidence supports

19   the ALJ's assignment of little weight to the lay opinion of Ms. McKoy.

20   **III.    CONCLUSION AND RECOMMENDATION**

21       Judicial review of the Commissioner's decision to deny disability benefits is limited to

22   determining whether the decision is free from legal error and supported by substantial evidence.

23   It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record,

24   and resolve conflicts in the evidence, including differences of opinion. Having reviewed the

25   Administrative Record as a whole and weighed the evidence that supports and detracts from the

26   conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42

27   U.S.C. § 405(g) and that the ALJ did not commit legal error.

28

1    Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand (ECF

2  No. 16) be **denied**.

3    IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm

4  (ECF No. 18) be **granted**.

5  **IV.    NOTICE**

6    This report and recommendation is submitted to the United States district judge assigned

7  to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

8  may file a written objection supported by points and authorities within fourteen days of being

9  served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

10  objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

11  1153, 1157 (9th Cir. 1991).

12

13    DATED: November 7, 2019

14

15    _____

16    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28